**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SATYA DEVI NEUPANE,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

               Respondent.

No.   17-70316

Agency No. A088-472-917

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022[**]
San Francisco, California

Before: S.R. THOMAS and GOULD, Circuit Judges, and WU,[***] District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Neupane, a native and citizen of Nepal, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA has reviewed the IJ's decision and adopted it as its own, we review both decisions. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

"We review questions of law de novo and factual determinations for substantial evidence." *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021). Adverse credibility determinations are reviewed under the substantial evidence standard. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Neupane's testimonial and documentary evidence. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) ("[Petitioner]'s inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in making an adverse credibility determination."). These inconsistencies relate to the truthfulness of the circumstances surrounding Neupane's alleged persecution by the government and, therefore, go to the heart of her claims for relief. *See id.* at

2

1046–47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight.").

The agency afforded Neupane an opportunity to explain the inconsistencies but reasonably found that her explanations were unpersuasive. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020) (concluding adverse credibility determination must stand where IJ and BIA identified inconsistencies and implausibilities in petitioner's account, and petitioner's explanations for the inconsistencies were unconvincing), *cert. denied*, 141 S. Ct. 664 (2020); *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010) (explaining "[t]he IJ did not have to accept [petitioner]'s unpersuasive explanations for the[ ] inconsistencies").

Given the inconsistencies in the record and the petitioner's failure to adequately explain them, the agency's adverse credibility determination is supported by substantial evidence. Absent Neupane's discredited testimony, the remaining evidence does not compel the conclusion that she is eligible for asylum, withholding of removal, or relief under the CAT.

**PETITION DENIED.**